MEF:TBM/RSB
F. #2017R01960

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA                    <u>STIPULATION AND ORDER</u>

    - against -                                    25-CR-281 (BMC)

HOWARD RUBIN,
        also known as "Howie" and "H,"
JENNIFER POWERS, and
STEPHEN POWERS,

          Defendants.

– – – – – – – – – – – – – – – – – – X

WHEREAS, the discovery materials to be provided by the government in the above-captioned case contain sensitive information, including, but not limited to, financial information and personally identifiable information regarding various specific individuals and entities, including information relating to the names, bank account numbers, addresses, email addresses, telephone numbers, social security numbers and dates of birth of those other individuals (collectively, "PII") and information that would identify individuals and entities as victims of a crime;

WHEREAS, the discovery materials to be provided by the government in the above-captioned case are voluminous and a document-by-document review by the government to redact sensitive information would unduly delay discovery and the case;

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and defendants and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1.    All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the Defendants, Defense Counsel (as defined below), and/or Defense Counsel's Team (as defined below) by the government in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this stipulation and order (the "Protective Order").

2.    "Defense Counsel" is defined as an attorney who has filed a notice of appearance on behalf of a named defendant and is admitted to practice in the Eastern District of New York ("EDNY"), or who was admitted to the EDNY pro hac vice to represent the defendant.  "Defense Counsel's Team" is defined as an attorney employed by Defense Counsel's law firm or organization who is assigned to assist in the preparation of the defense.  Defense Counsel's Team also includes paralegals, investigators, translators, litigation support personnel and secretarial staff employed by Defense Counsel's law firm or organization who are assigned to assist in the preparation of the defense.  Defense Counsel's Team also includes those persons who are formally engaged to assist in the preparation of the defense, including Expert Witnesses.[1]

3.    Discovery Materials, however designated, and any and all copies, notes, transcripts, documents, and other information and materials derived or prepared from the

---

[1] An "Expert Witness" is defined as a person who has been retained by Defense Counsel to offer testimony at trial pursuant to Federal Rule of Evidence 702 or who has been retained to otherwise provide scientific, technical or other specialized knowledge to Defense Counsel that is necessary to the preparation of the defense pursuant to Federal Rule of Evidence 702.  Prospective expert witnesses are discussed in paragraph 11, note 3 herein.

Discovery Materials, may be used by the Defendants, Defense Counsel and Defense Counsel's Team only for the purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal or collateral attack, which was commenced within one year of the exhaustion of the relevant Defendant's appellate rights, involving the charges in the above-captioned case.

4.    Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendant, Defense Counsel or Defense Counsel's Team by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated or discussed by the Defendants, Defense Counsel or Defense Counsel's Team to, or with, any individuals, organizations or other entities.

5.    The Defendants, Defense Counsel and Defense Counsel's Team—and any other individuals with whom they share Discovery Materials as authorized in this Protective Order—are prohibited from publicly disclosing or disseminating the identity of any victims or witnesses referenced in the Discovery Materials.  This Order does not prohibit the Defendants, Defense Counsel or Defense Counsel's Team from publicly referencing individuals who have spoken by name on the public record in the above-captioned matter.

6.    The Defendant, Defense Counsel and Defense Counsel's Team—and any other individuals with whom they share Discovery Materials as authorized in this Protective Order—are prohibited from disclosing in public, non-sealed filings, the identity of any victims or witnesses referenced in the Discovery Materials, who have not spoken by name on the public record in the above-captioned matter, unless authorized by the Government in writing or by Order

of the Court.  Any such filings must be made under seal, unless authorized by the Government in writing or by Order of the Court.

7.    None of the Discovery Materials, nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials, shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding.

8.    If the Defendant obtains substitute counsel, the Defendants, Defense Counsel, and Defense Counsel's Team will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials unless and until such substitute counsel becomes counsel of record, has been provided a copy of this Protective Order, signs this Protective Order, and provides a signed copy to the government.

9.    Certain Discovery Materials may be specifically identified by the government as sensitive discovery material (the "Sensitive Discovery Material").[2]    The

---

[2] Any documents, material or information may be designated as Sensitive Discovery Material only upon a good-faith belief by the government (or Defense Counsel as it pertains to reciprocal discovery) that such materials contain: (a) identifying information for any potential witness, victim or individual not a party to this  litigation; (b) sensitive information of a victim or of a witness; (c) law enforcement sensitive information; (d) information that could implicate the safety of others; (e) information that could impede an ongoing law enforcement investigation; and/or (f) any other information that the government deems in need of heightened protection under this Protective Order including, but not limited to, unredacted personal financial information and personally identifiable information other than the defendant (hereinafter, "PII") including information relating to the bank account numbers, addresses, social security numbers and dates of birth of those other individuals, and financial information for specific individuals and corporations.  If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, the Defendants may provide notice to the government and a reasoned explanation regarding why the Defendants do not believe the materials require treatment as Sensitive Discovery Material.  To the extent the parties do not agree, either party may make an application to the Court concerning

Defendants, Defense Counsel, and Defense Counsel's Team shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Counsel's Team.

10.    The Defendants may review Sensitive Discovery Material only in the presence of Defense Counsel or Defense Counsel's Team.  Sensitive Discovery Material will be deemed to have been shared with the Defendants in the presence of Defense Counsel or Defense Counsel's Team, where Defense Counsel or Defense Counsel's Team uses the screensharing function of videoconferencing services, provided neither the Defendants nor anyone else record, save or capture (including by taking screenshots, pictures or otherwise copying or capturing information) Sensitive Discovery Material displayed during the videoconference, nor will the Defendants allow their screens to be viewable by any third parties while Sensitive Discovery Material is being displayed.  However, the use of videoconferencing services to share Sensitive Discovery Material is impermissible while any party to the videoconference is presently inside a Bureau of Prisons facility.  The Defendants are prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

11.    When negotiating with a Prospective Expert Witness[3] in anticipation of engaging that person to assist in the preparation of the defense, Defense Counsel and Defense

---

the designation.  Defendants, Defense Counsel and Defense Counsel's Team shall treat the material as Sensitive Discovery Material pending any determination by the Court.

[3] A "Prospective Expert Witness" is defined as a person who potentially may offer expert testimony at trial or who otherwise will provide scientific, technical or other specialized knowledge to Defense Counsel that is necessary to the preparation of the defense pursuant to Federal Rule of Evidence 702.  A "Prospective Expert Witness" does not include potential fact witnesses, investigators or any person who is not qualified to offer testimony regarding scientific, technical or other specialized knowledge under Rule 702.

Counsel's Team may show or read from (but may not provide copies of) Discovery Materials or Sensitive Discovery Material to the Prospective Expert Witness, if it is determined that it is necessary to do so for the purpose of engaging the expert or preparing the defense of the case. Each Prospective Expert Witness to whom disclosure of Discovery Materials or Sensitive Discovery Material is made shall be provided a copy of this Protective Order by Defense Counsel and will be advised by Defense Counsel that he or she shall not further disseminate the Discovery Materials or Sensitive Discovery Material, except at the express direction of Defense Counsel and in accordance with the terms of this Protective Order.  Defense Counsel shall have the Prospective Expert Witness sign the acknowledgement form, appended as Attachment A, affirming that he or she understands the terms of the Protective Order and the consequences of violating the Protective Order prior to reviewing any of the Discovery Materials or Sensitive Discovery Material.[4]

12. Defense Counsel and Defense Counsel's Team may show or read from (but may not provide copies of) Discovery Materials or Sensitive Discovery Materials to a potential witness (or his or her counsel or legal staff), but Defense Counsel shall first provide such individuals with a copy of this Protective Order and require that they sign the acknowledgement form, appended as Attachment A, affirming that he or she understands the terms of the Protective Order and the consequences of violating the Protective Order prior to reviewing any of the Discovery Materials or Sensitive Discovery Material.

13. Certain Discovery Materials will contain health information ("Health Information").[5]  Health Information produced in the Discovery Materials may be subject to the

---

[4] Such signed forms of acknowledgment shall be deemed attorney work product and may only be reviewed by the Court in camera upon a showing of necessity by the government.

[5] Any documents, material or information may be designated Health Information only upon a good-faith belief by the government that (or Defense Counsel as it pertains to reciprocal discovery)

provisions of the Privacy Act, 5 U.S.C. § 552a; 45 C.F.R. §§ 164.102-164.534; or 42 U.S.C. § 1306, and/or there may be no patient waiver for the production of records to any entity other than the government. All Health Information shall be treated as if it had been designated as Sensitive Discovery Material.

14.    Certain Discovery Materials may be specifically identified by the government for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material").[6] All Attorneys' Eyes Only Material shall be treated as if it had been designated as Sensitive Discovery Material with the additional limitations that Attorneys' Eyes Only Material: (a) may be reviewed only by Defense Counsel and Defense Counsel's Team; and (b) may not be disseminated to or reviewed by any other person, including the Defendants.

15.    Any documents, material, or information determined to be Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE" or "ATTORNEYS' EYES ONLY," respectively, on the document or by otherwise indicating to Defense Counsel the appropriate designation of the material or information. While each page of a document and its attachments may be so marked, it shall be assumed that a "SENSITIVE" or "ATTORNEYS' EYES ONLY" designation on the first page of a document

_____

that such materials contain unredacted health information that is connected to a patient's name, address, social security number or other identifying number, including health insurance claim number.

[6] Any documents, material or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government that designation as Sensitive Discovery Material provides insufficient protection to such materials. If the government and Defense Counsel do not agree that certain material should be designated as Attorneys' Eyes Only, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Attorneys' Eyes Only Material. To the extent the parties do not agree, either party may make an application to the Court concerning the designation. Defendants, Defense Counsel and Defense Counsel's Team shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

7

indicates the same designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive Discovery Material or Attorneys' Eyes Only Material.

16.    Absent prior agreement of the government or permission from the Court, Sensitive Discovery Material or Attorneys' Eyes Only Material shall not be included in any public filing with the Court, and instead shall be submitted under seal. This restriction does not apply to documents that are or become part of the public domain (other than through a violation of the Protective Order) or the public court record, including documents that have been received in evidence at other trials, except witness statements produced pursuant to 18 U.S.C. § 3500, even if available in the public domain or the public court record, shall not be included in public court filings, absent prior agreement of the government or permission from the Court.

17.    The Defendants, Defense Counsel and Defense Counsel's Team will return to the government or securely destroy the Discovery Materials and all copies thereof, whether in the possession of the Defendants, Defense Counsel, Defense Counsel's Team or any other person to whom disclosure is authorized under this Protective Order, when all efforts to defend against the charges in the above-captioned case have concluded, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the respective Defendant's appellate rights, involving the charges in the above-captioned case.

18.     If the Defendants, Defense Counsel or Defense Counsel's Team seek to make further disclosure or dissemination of the Discovery Materials, however designated, (i) notice must first be provided to the government, and such notice must be given sufficiently in advance of the contemplated disclosure or dissemination so as to permit briefing and argument on the propriety thereof; or (ii) authorization may be sought from the Court ex parte, if the Court so authorizes.

19.     Nothing in this Protective Order shall preclude the government or the Defendants from seeking (a) a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials, or (b) modification of this Protective Order.  Moreover, the Government may authorize, in writing, disclosure of Discovery Materials, Sensitive Discovery Material and Attorney's Eyes Only Material beyond that otherwise permitted by this Protective Order without further order of the Court.

20.     Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

21.     Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from complying with Rule 49.1(a) of the Federal Rules of Criminal Procedure, including ensuring that court transcripts and Discovery Materials are appropriately redacted to protect PII, including information that would identify individuals as victims of a crime, and Health Information.  Unredacted copies may be filed under seal with the Court, if sealing is authorized by the Court.

22.     In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

23.    This Court shall retain jurisdiction over all persons subject to this Order to

the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.

Dated: Brooklyn, New York
       October 24, 2025

                                        Respectfully submitted,

                                        JOSEPH NOCELLA, JR.
                                        United States Attorney

                              By:       _____
                                        Tara McGrath
                                        Raffaela Belizaire
                                        Assistant U.S. Attorneys

Agreed to by:

_____                 _____
Howard Rubin                            Benjamin Rosenberg, Esq.
Defendant                               Michael Gilbert, Esq.
                                        Attorney for Howard Rubin

_____                 _____
Jennifer Powers                         Jolene F. LaVigne-Albert, Esq.
Defendant                               Douglas E. Grover, Esq.
                                        Attorney for Jennifer Powers

_____                 _____
Stephen Powers                          Sharon L. McCarthy
Defendant                               Attorney for Stephen Powers

SO ORDERED.

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

11

23.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: Brooklyn, New York
         October _____, 2025

                                          Respectfully submitted,

                                          JOSEPH NOCELLA, JR.
                                          United States Attorney

                        By:    _____
                                          Tara McGrath
                                          Raffaela Belizaire
                                          Assistant U.S. Attorneys

Agreed to by:

_____          _____
Howard Rubin                             Benjamin Rosenberg, Esq.
Defendant                                Michael Gilbert, Esq.
                                         Attorney for Howard Rubin

_____          _____
Jennifer Powers                          Jolene F. LaVigne-Albert, Esq.
Defendant                                Douglas E. Grover, Esq.
                                         Attorney for Jennifer Powers

_____          _____
Stephen Powers                           Sharon L. McCarthy
Defendant                                Attorney for Stephen Powers

SO ORDERED.

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

11

## **Attachment A to Protective Order**

I have read the attached Protective Order in the matter <u>United States v. Howard Rubin et al.</u>, 25-CR-281 (BMC), and, by my signature below, agree to be bound by its terms.

| Printed Name | Signature | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |