UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| - against - | : | **MEMORANDUM DECISION & ORDER** |
| HOWARD RUBIN *et al.*, | : | 25-cr-281 (BMC) |
| Defendants. | : | |

**COGAN**, District Judge.

This is a sex trafficking prosecution. Before the Court is defendant Howard Rubin's motion requesting the Court to (1) reassign this case under Rule 4(d)(1) of the Eastern District of New York's Division of Business Rules or (2) recuse itself under 28 U.S.C. § 455(a). For the reasons that follow, the motion is denied.

## BACKGROUND

In 2017, several women filed a civil lawsuit against Rubin and others, alleging that Rubin led a human trafficking operation and sexually assaulted plaintiffs after luring them to New York under false pretenses (the "civil case"). See Lawson *et al.* v. Rubin *et al.*, No. 17-cv-6404 (E.D.N.Y.). In 2022, the civil case was tried by a jury with the undersigned presiding, and the jury rendered a verdict in favor of plaintiffs as against Rubin on some claims but in favor of Rubin on other claims.

A few years later, the Government filed criminal charges against Rubin based on the same alleged scheme (the "criminal case"). In September 2025, a grand jury returned a 10-count indictment charging Rubin with sex trafficking, violations of the Mann Act, and bank fraud. The criminal case was assigned to Chief Judge Brodie. On the same day, the Government notified Chief Judge Brodie that the criminal matter appeared to be related to the prior civil case. Chief Judge Brodie then reassigned the criminal case to the undersigned.

The Court has presided over defendant's criminal case for more than a year. The Court has held multiple status conferences and a Curcio hearing in August 2026, at which the Court found that all defendants knowingly and voluntarily waived their right to conflict-free counsel. In October 2026, Rubin filed the instant motion, requesting that the Court reassign or recuse itself from this case. The trial is currently scheduled for September 2027.

**DISCUSSION**

## I. Reassignment of Case Under Rule 4(d)(1) of the Division of Business Rules

### A. Legal Standard

This District's Rules for the Division of Business govern "the internal management of the caseload of the District." See Rules for Division of Business at 1; see also 28 U.S.C. § 137. Division of Business Rule 3, "Related Civil Cases", states that "[a] civil case is 'related' to another civil case for purposes of this Rule when, because of the similarity of facts and legal issues or because the case arises from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same District and/or Magistrate Judge." Rule 3 further states that "[a]ny party may apply for [a determination that two cases are related] by filing a motion in the lowest-numbered case," subject to certain requirements.

Division of Business Rule 4, "Related Criminal Cases", states that "[t]here shall be a presumption that one criminal case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case, or when the same criminal conduct is charged in an indictment and a violation of probation or supervised release." Rule 4 further states that "[i]t is the affirmative obligation of the United States Attorney's Office ("USAO") to give notice to all relevant Judges

whenever it appears that one case may be related to another pursuant to [Rule 4]," and "[s]uch notice shall be provided by letter at the time of the filing of any indictment[.]"

Under Rule 4(d)(1), "[e]ither the USAO or any defendant may … request that a case previously assigned to a Judge as related be reassigned to the original Judge on the ground that it was not properly related." However, the Division of Business Rules do not "vest any rights in litigants or their attorneys." Rules for Division of Business at 1.

**B. Analysis**

Defendant argues that the Government represented improperly to Chief Judge Brodie that this case and the prior civil case against defendant were related. Defendant insists that the Government's letter informing Chief Judge Brodie of the potential relation was improper because Rule 3 and Rule 4 of the Division of Business Rules are separate, and there is no rule that explains when civil and criminal cases should and should not be related to one another. He further argues that he may challenge the decision to relate the cases to one another under Rule 4(d)(1) notwithstanding the preamble of the rules, which disclaims the vesting of "any right in litigants or their attorneys." The Government contends that defendant may not challenge the decision to relate the cases because of the preamble, but neither of the cases it cites in support of this argument discuss Rule 4(d)(1). See generally United States v. Pescatore, No. 05-cr-128, 2006 WL 47451 (E.D.N.Y. Jan. 5, 2006); United States v. Astra Motor Cars, 352 F. Supp. 2d 370 (E.D.N.Y. 2005).

Although defendant has the better argument that he is permitted to make this motion under Rule 4(d)(1) notwithstanding the preamble, the Court is not persuaded on the merits. It is true that Rule 3 sets out a standard for relating civil matters, and Rule 4 sets out a standard for relating criminal matters. But even though the Division of Business Rules may not cover every scenario in which two cases may be related, "[t]he Chief Judge may, at any time with the consent

of the Judges involved, reassign individual cases between Judges[.]" Rule for Division of Business 2(e).

Further, there was nothing nefarious or inappropriate about the Government notifying Chief Judge Brodie via letter that this case may be related to the civil case against defendant. Perhaps the Government's "affirmative obligation" to notify the Court that a criminal case may be related to another case only applies if such other case is also criminal, but it was reasonable for the Government to take a conservative approach and notify Chief Judge Brodie of the civil case in any event.

Defendant suggests that the Government may have intended to mislead Chief Judge Brodie by referring to the civil case as "United States v. Howard Rubin and Jennifer Powers" rather than its proper name ("Lawson v. Rubin" or "Moore v. Rubin"). First, this typo does nothing to negate the representations in the letter, which made clear that the other matter was a "civil matter". Second, defendant should rest assured that the judges in this District, including Chief Judge Brodie and the undersigned, conduct their own diligence before relating two cases. These two cases were not related based on some mistaken notion that both cases were criminal.

On the contrary, this case was reassigned to the undersigned because it has a significant overlap of factual and legal issues with the prior civil case. It does not matter whether Rule 3 or Rule 4 (or both, or neither) applies here. This case was properly reassigned by Chief Judge Brodie as a matter of discretion. As explained in more detail below, the Court is not persuaded that there is any good reason to reassign the case to Chief Judge Brodie or any other judge other than the undersigned. Defendant's motion to reassign the case is therefore denied.

## II. Recusal Under 28 U.S.C. § 455(a)

### A. Legal Standard

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The requirement of Section 455(a) … is commonly limited to those circumstances in which the alleged partiality 'stem[s] form an extrajudicial source.'" United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 544 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. "[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987).

### B. Analysis

Defendant argues that the Court should recuse itself under 28 U.S.C. § 455(a), relying in part on the "impropriety" of the Government's related-case letter to Judge Brodie. Because the Court has found that there was nothing improper about the related-case letter, defendant's arguments on this basis fail. What remains are defendant's arguments that the Court should nevertheless recuse itself because of (1) prior decisions it made in the civil case and (2) statements it made in denying defendant's bail in this case.

#### *i. The Court's Prior Decisions in the Civil Case*

First, defendant argues that in its ruling on defendant's motion for a new trial in the civil case, the Court "went beyond" its obligation to opine on the quality of the evidence and "offered

commentary on Rubin's character in a general way." The Court does not agree with this characterization of its decision, but even if the Court opined on defendant's character to some extent, doing so was a relevant and necessary aspect of deciding defendant's motion for a new trial. See generally Moore v. Rubin, 724 F. Supp. 3d 93 (E.D.N.Y. 2024), aff'd, 160 F.4th 271 (2d Cir. 2025).

To evaluate whether defendant was entitled to a new trial, the Court had to "weigh the evidence" itself, DLG Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998), including evidence related to defendant's state of mind, see Moore, 724 F. Supp. 3d at 100-01. This inquiry necessarily required the Court to independently assess whether Rubin had the requisite intent to commit the acts for which he was found liable under the Trafficking Victim Protection Act. That is what the Court did, but the Court took care to frame its analysis based on the reasonability of the *jury's* determination. See, e.g., id. at 100 ("If Rubin didn't know that he was bringing women in to inflict upon them a level of force beyond their consent, the jury could reasonably find that he was kidding himself, *i.e.*, that he was certainly reckless in disregarding that likelihood.").

The Court has carefully reviewed and considered this decision and does not believe that any of the statements therein "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. Indeed, the decision was affirmed by the Second Circuit, which found in relevant part that "[t]he record [was] replete with evidence that Rubin developed a sophisticated operation to solicit and recruit various women, inform them that some degree of sadomasochism would take place, provide them a combination of alcohol and drugs like Vicodin and oxycodone, and then grossly exceed the parameters of the activity he told them to expect." Moore, 160 F.4th at 292. The Court assures defendant that it will not permit its

own or the Second Circuit's prior weighing of the evidence in the civil case to influence the jury's weighing of the evidence in the criminal case (which will, of course, apply a different and more stringent standard). The Court does not believe this is a valid basis for recusal.

Second, defendant argues that the Court's *sua sponte* award of damages for delay in the civil case, which the Court rescinded on reconsideration, evinces partiality that justifies recusal. Judges are not perfect. Indeed, that is one reason why motions for reconsideration exist. The Court acknowledged its error in awarding damages in this instance and granted defendant's motion for reconsideration. If anything, this example should provide defendant some comfort that the Court will take care to consider his arguments here as well, even if such arguments are contrary to the Court's initial assessment of an issue. Again, if the Court had such a "deep-seated favoritism or antagonism" against defendant, presumably this "fair judgment" on defendant's reconsideration motion would have been "impossible." Liteky, 510 U.S. at 555.

Defendant's arguments, taken in isolation, may leave an observer with the mistaken impression that the Court never ruled in defendant's favor during the civil case. However, the Court ruled in favor of defendant numerous times, including on important issues. For example, the Court granted defendant's motion to vacate a protective order that allowed the plaintiffs in the civil case to proceed under pseudonyms because it found that allowing plaintiffs to proceed to trial under pseudonyms would prejudice defendant. See Lawson v. Rubin, No. 17-cv-6404, 2019 WL 5291205, at *3 (E.D.N.Y. Oct. 18, 2019). The Court also dismissed some of plaintiffs' state-law claims as time-barred and dismissed one plaintiff's human-trafficking claim. See Lawson v. Rubin, No. 17-cv-6404, 2018 WL 7958928, at *1 (E.D.N.Y. June 11, 2018). The Court also excluded several forms of evidence from the trial on the grounds that any probative

value would be outweighed by prejudice to Rubin. See Moore v. Rubin, No. 17-cv-6404, 2020 WL 13573582, at *1-3 (E.D.N.Y. Jan. 31, 2020).

In any event, the Second Circuit has held that "a district judge is not required by [28 U.S.C. § 455(a)] to recuse himself from presiding over a criminal trial merely because he previously determined that a defendant was guilty of the same conduct in a parole revocation hearing." Carlton, 534 F.3d at 99-100. The same logic applies here: the Court does not need to recuse itself from this case just because it previously decided some issues against defendant (and explained its reasons for doing so) in the civil case.

*ii. The Court's Bail Determination*

Defendant asserts that the Court has also demonstrated partiality in its decision to detain defendant pending trial. Defendant argues that the Court's partiality is inferred not from the Court's ruling against him, but from the Court's "personal observations about Rubin from its experience with him in the civil case."

The statute governing release or detention of a defendant pending trial, 18 U.S.C. § 3142, states that "[t]he judicial officer shall … take into account … the nature and circumstances of the offense charged … the weight of the evidence against the person … the history and characteristics of the person … and … the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Id. § 3142(g). Evaluating these statutorily mandated factors necessarily requires the Court to exercise its judgment and assess whether a defendant's character and conduct weigh in favor of or against detention prior to trial.

That is all the Court did here. The Court weighed the evidence in favor of and against detention, as it would in any other case with respect to any other criminal defendant. Of course, the Court was able to consider certain facts and circumstances from the civil case, but there is

nothing improper about that. See Carlton, 534 F.3d at 101 ("[K]nowledge acquired by the judge while he performs judicial duties does not constitute grounds for disqualification." (quoting United States v. Coven, 662 F.2d 162, 168 (2d Cir. 1981)). In any event, two magistrate judges and the Second Circuit (*i.e.*, three adjudicators that did not preside over the civil case) agreed with the Court's decision to detain defendant pending trial. This casts serious doubt on any notion that the Court's adjudication of defendant's bail application was somehow tainted by its knowledge of the civil case.

Thus, the full record does not paint the picture that defendant attempts to paint in this motion. The Court has passed judgment on allegations and evidence against defendant when it was required to do so. "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." Liteky, 510 U.S. at 551 (quoting In re J.P. Linahan, Inc., 138 F.2d 650, 654 (2d Cir. 1943)). The Court has made every effort to render fair judgments to date, sometimes in favor of defendant and other times against him. The Court assures defendant that it will continue to do so.

**CONCLUSION**

For the foregoing reasons, defendant's motion for reassignment or recusal is denied.

**SO ORDERED.**

Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 21, 2026